**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| Bennie Edwards, | No. 1:06-cv-00783-LG-RHW |
| Plaintiff, | |
| | **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES** |
| v. | |
| | (Civil Rights-Employment) |
| Northrop Grumman Ship Systems, Inc., | |
| Defendant | Jury Trial Demanded |

<u>**PRELIMINARY STATEMENT**</u>

1.  This action seeks injunctive and declaratory relief to prevent continuing, systemic, and unjustified race discrimination by the employer, NORTHROP GRUMMAN SHIP SYSTEMS, INC. ("NGSS"), with regard to the retention, terms and conditions of employment, treatment, and promotion and transfer of Black employees at NGSS, including severe, pervasive, and ongoing harassment of Black employees through longstanding maintenance of a racially hostile work environment.  In addition to injunctive and declaratory relief, and all other available equitable relief, plaintiff seeks compensatory and punitive damages.

<u>**JURISDICTION**</u>

2.  This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); and Civil Rights Act of 1866, 42 U.S.C. § 1981 ("1981").  Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ l343 (3)&(4); 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202.

Plaintiff Bennie Edwards's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00783-LG-RHW

1

**PARTIES**

3.   Bennie Edwards is a Black employee of NGSS who has been employed by NGSS for 22 years.

4.   NORTHROP GRUMMAN SHIP SYSTEMS, INC. is a business that is engaged in the construction and refurbishing of seagoing vessels, both military and civilian.  It is located in Pascagoula, Mississippi.  It is an employer for purposes of Title VII.  On the basis of information and belief, plaintiff alleges that NORTHROP GRUMMAN SHIP SYSTEMS, INC. is a successor in interest to INGALLS SHIPBUILDING COMPANY.

5.   NGSS has received numerous contracts and substantial income from agencies and departments of the Federal Government, and because of the receipt of said contracts and income it is subject to Title VI of the Civil Rights Act of 1964, as amended.  NORTHROP GRUMMAN SHIP SYSTEMS, INC., and its predecessor, INGALLS SHIPBUILDING COMPANY, therefore are, and have been, a federal contractor at all times relevant.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6.   All conditions precedent to jurisdiction pursuant to section 706 of Title VII of the Civil Rights Act of 1964, as amended, have been complied with to wit:  an appropriate charge of employment discrimination has been filed with the Equal Employment Opportunity Commission, and a notice of right to sue was issued by the Equal Employment Opportunity Commission.

7.   Plaintiff has filed a timely complaint based on the time limits contained in section 706 of Title VII of the Civil Rights Act of 1964, as amended.

8.   On or about December 20, 2000, the Equal Employment Opportunity Commission issued a determination finding reasonable cause to believe that a racially hostile work environment existed at NGSS.

9.   Attempts at conciliation regarding the finding of a racially hostile work environment, which was and is statutorily required, failed.

**PROCEDURAL BACKGROUND PRECEDING THIS COMPLAINT**

10. An initial complaint was filed in the United States District Court for the Southern

Plaintiff Bennie Edwards's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00783-LG-RHW

2

District of Mississippi on March 21, 2001, in which eleven (11) persons, named as representative plaintiffs, and the organization, Ingalls Workers for Justice, alleged class-wide discrimination at NGSS on the basis of race.  The case was assigned a case number of 1:01-CV-111(G)(R).

11. A First Amended Complaint was filed on April 26, 2001 in the initial case, additionally alleging maintenance of a racially hostile work environment at NGSS.

12. A Complaint in Intervention was filed on February 13, 2003 in the initial case, necessitated by the Court's dismissal of the following causes of action and parties from the First Amended Complaint on February 28, 2002:

    a) Dismissal of the class action allegations seeking compensatory and punitive damages;

    b) Dismissal of the claim for relief alleged pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*;

    c) Dismissal of the claim for relief alleged pursuant to the Thirteenth Amendment to the U.S. Constitution;

    d) Dismissal of organizational plaintiff INGALLS WORKERS FOR JUSTICE;

    e) Dismissal of defendant LITTON INDUSTRIES; and

    f) Dismissal of defendant NORTHROP GRUMMAN.

13. A Second Amended Complaint was filed on April 7, 2003 in the initial case.

14. On or about March 16, 2004, the initial case was reassigned to the Honorable Louis Guirola, Jr., District Court Judge; on December 30, 2004, the Honorable Robert H. Walker, Magistrate Judge, was assigned to be the Magistrate Judge for the initial case.

15. On August 17, 2006, Magistrate Judge Walker entered an order entitled, "Order Requiring Separate Complaints," which, *inter alia*, severed the plaintiffs' claims from one another, and required the filing of new complaints and assignment of new case numbers for each of the individual plaintiffs in Case No. 1:01-CV-111(LG)(RHW).

16. At some point during the period of time from August 17, 2006 through September 7, 2006, plaintiff Bennie Edwards's severed action was assigned the case number of 1:06-cv-00783-

Plaintiff Bennie Edwards's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00783-LG-RHW

3

LG-RHW.

## FACTUAL STATEMENT

## RACIAL DISCRIMINATION GENERAL ALLEGATIONS

17. The defendant, NGSS, has intentionally pursued and continues to pursue employment policies and practices that constitute systemic discrimination against plaintiff and other Black employees and that deprive or tend to deprive such persons of equal employment opportunities within NGSS.  NGSS has intentionally implemented these policies and practices, among other ways, as follows:

a)  By failing to treat Blacks on an equal basis with Whites.

b)  By using selection devices for promotions that have an adverse impact on Blacks, are not job related and have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures, and have more adverse impact than equally valid alternatives.

c)  By using evaluation procedures in the consideration of employees for promotions that discriminate against or illegally exclude Black employees from consideration.

d)  By failing to provide Black employees with equal opportunities for advancement within the company because of their race.  Black employees are denied promotions despite their qualifications and years on the job.  It is not uncommon for a Black employee to be denied a promotion at NGSS in an area she or he has worked in for twenty years and then be assigned to train a White employee with less seniority.

e)  By maintaining a double standard in the granting of promotions to White employees vis à vis Black employees.  Practices including cronyism, nepotism, word-of-mouth recruitment, failure to post or advertise employment opportunities, and/or the placement of White employees in acting positions have inured to the determent of Black employees historically.

f)  By restricting access to employment opportunities for Black employees and

Plaintiff Bennie Edwards's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00783-LG-RHW

4

maintaining a workforce in which its supervisory and management personnel has been and continues to be predominately White.

g) By engaging in a policy in which positions are actually filled even before they may be posted or advertised as an available position.

h) By demoting Black employees at a disproportionate rate as compared to White employees.

i) By retaliating against Black employees after they have complained or challenged, in any way, the discriminatory policies, procedures, and practices that permeate the work environment at NGSS.

j) By denying Black employees opportunities to go on trips or sea trials where they would be able to earn substantial amounts of overtime.

k) By maintaining a practice of "job steering," resulting in Black employees being assigned to, and then denied the opportunity to move out of, dangerous, dirty, and generally less desirable work areas because of their race.

l) By instituting and allowing the continuance of a racially hostile work environment for Black employees.

18. This pattern or practice denies the full exercise of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

19. NGSS has been aware that its actions with regard to the treatment of Black employees were and are in violation of federal statutes prohibiting discrimination on the basis of race.

## SPECIFIC CLAIMS FOR RELIEF

## TITLE VII AND § 1981

20. Plaintiff incorporates paragraphs 1 through 19, as though fully set forth herein.

21. Plaintiff has applied for promotive positions on numerous occasions, and has been informed by written communication that he was qualified for the various positions for which he has applied.  However, plaintiff was qualified for the positions for which he applied, but has

Plaintiff Bennie Edwards's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00783-LG-RHW

5

never been selected.  The means used to determine that plaintiff would not be selected for a position, for which he was and is qualified, have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures.  This includes the following instances:

    a)  In or around January 1995, June 1995, March 1996, July 1997, and August 1997 plaintiff applied for Designer, a position for which plaintiff was qualified, but for which he was not selected because of his race.

22. Plaintiff has observed both that Black employees are not promoted in spite of their qualifications and seniority as well as the lack of qualifications of White employees who have been promoted, and, therefore, plaintiff has not applied for promotive positions for which he was qualified, and plaintiff has never been selected for promotion to any such position.  Plaintiff has also observed that the availability of positions was not always publicized. The means used to determine that plaintiff would not be selected for a position, for which he was and is qualified, have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures. Further, despite his adequate qualifications plaintiff believed it to be an exercise in futility to continue to apply for promotion positions that he would never receive or for which he would not be seriously considered solely because of his race.

23. Plaintiff has received less compensation than similarly situated White co-workers for doing the same job.  Plaintiff has been made aware of the discrepancy by observing the differences in compensation revealed through comparison of paychecks. This includes the following instances:

    a)  In or about 2000, plaintiff compared his paycheck to that of a similarly situated White co-worker who was being paid more than plaintiff to perform the same job which they assumed at the same time.

24. Plaintiff has made his supervisor(s) aware that he desired to be chosen to participate in ship checking for sea trials.  However, he has not been selected to participate in ship checks at the same rate as his White colleagues.  Furthermore, the selection process for participating in sea trials has never been validated pursuant to the Uniform Guidelines on Employee Selection

Plaintiff Bennie Edwards's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00783-LG-RHW

6

Procedures.

25. Plaintiff has been retaliated against or suffered adverse consequences for opposing NGSS's discriminatory employment practices, in violation of Title VII and § 1981.  This includes the following instance(s):

    a) Since the filing of the charge of discrimination with the Equal Employment Opportunity Commission, on or about January 14, 2000, that preceded the filing of the *Thompson, et al. v. Ingalls Shipbuilding, et al.* matter, plaintiff has increasingly frequently been denied the opportunity to participate in ship checks.

26. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff is aware of the existence of offensive racially derogatory writings, depictions, and/or graffiti on a constant basis in a number of places at NGSS.  NGSS knows or should have known of the presence of offensive racially derogatory writings, depiction, and/or graffiti in its workplace, but has failed to take steps to prevent or correct promptly its occurrence.  Plaintiff has not complained about each and every instance of having been exposed to the offensive racially derogatory writings, depictions, or graffiti because plaintiff believed it would be useless so to do, given the historical lack of sufficient response on the part of NGSS.  This includes the following instances:

    a) On or about 2000, plaintiff was forced to view offensive racially derogatory writing, depictions, and/or graffiti on the wall inside his work area which depicted the mutilation of a black baby. Plaintiff did not complain to his supervisor because the picture was in plain view of supervisors and therefore felt it futile to complain. To plaintiff's knowledge, there was no action taken to remedy the situation.

27. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. The hostile work environment comprises and/or has culminated in the adverse treatment described in paragraphs 20 through 26, incorporated as though fully set forth herein.

28. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been and is aware of the fact of presence of offensive racially derogatory writings,

Plaintiff Bennie Edwards's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00783-LG-RHW

7

depictions, and/or graffiti; ubiquitous use of the word "nigger" and other racist epithets; and nooses at NGSS.

29. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been and is aware of the fact that Black employees have not been provided equal opportunity with regard to upward job mobility.

30. The hostile work environment based on race to which plaintiff has been exposed is of a continuing and ongoing nature and constitutes a continuing violation of Title VII and § 1981.

31. NGSS has failed to take steps to remedy and correct promptly the harassing behavior occurring in its workplace.  NGSS has failed to promulgate, disseminate, and enforce adequately an anti-harassment policy and failed to provide sufficient training to its employees regarding same.  NGSS has failed to respond sufficiently to complaints regarding the harassment as set forth in paragraphs 17 through 30, incorporated as though fully set forth herein.

## APPROPRIATENESS OF EQUITABLE RELIEF

32. Plaintiff will suffer irreparable injury if the declaratory and injunctive relief requested herein is not granted, because NGSS will make employment decisions on the basis of the discriminatory procedures and practices described herein or will not remediate the racially hostile work environment that exists in its workplace. If NGSS is not enjoined from engaging in discriminatory employment practices, plaintiff will be deprived of career opportunities, which plaintiff otherwise would have been able to pursue, but for NGSS's discriminatory employment practices.

33. No plain, adequate, or complete remedy at law is available to plaintiff.  Monetary relief cannot adequately compensate the loss of promotional opportunities, experience, and careers with NGSS.  Similarly, monetary relief cannot adequately compensate the continued subjection to a racially hostile work environment.

34. Unless restrained by order of this Court, NGSS will continue to pursue policies and practices, which are the same as, or similar to those alleged above.

Plaintiff Bennie Edwards's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00783-LG-RHW

8

## FIRST CLAIM FOR RELIEF

35. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 34 and further alleges for a first claim for relief as follows:

36. Defendant has intentionally failed to provide plaintiff equal employment opportunities by discriminating against plaintiff on the basis of race with regard to treatment and promotions at NGSS.  NGSS's unequal treatment of plaintiff and other Black employees and its intentional failure to remedy such unequal treatment violates plaintiff's right to be free from such discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.

## SECOND CLAIM FOR RELIEF

37. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 34 and further alleges for a second claim for relief as follows:

38. Defendant has intentionally failed to provide plaintiff equal employment opportunities by discriminating against plaintiff on the basis of race with regard to treatment and promotions at NGSS.  NGSS's unequal treatment of plaintiff and other Black employees and its intentional failure to remedy such unequal treatment violates plaintiff's right to be free from such discrimination under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

## THE APPROPRIATENESS OF COMPENSATORY AND PUNITIVE DAMAGES

39. Defendant NGSS has caused plaintiff emotional distress and mental anguish as a proximate result of its illegal practices, and plaintiff is entitled to compensatory damages pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

40. Similarly, defendant NGSS was aware that its actions with regard to plaintiff were in violation of federal statutes prohibiting discrimination on the basis of race, and therefore, plaintiff is entitled to punitive damages.

## PRAYER

WHEREFORE, plaintiff prays that this Court:

    a)   Declare pursuant to 28 U.S.C. §§ 2201 & 2202 the employment practices set forth

Plaintiff Bennie Edwards's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00783-LG-RHW

9

in paragraphs 17 through 31 to be unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* and the Civil Rights Acts of 1866, as amended, 42 U.S.C. § 1981;

b)   Adjudge, decree, and declare that the practices of NGSS complained of herein are violative of the rights secured to plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981;

c)   Issue a preliminary and permanent injunction enjoining NGSS, its agents, successors, employees, attorneys, and those acting in concert with it from engaging in each of the unlawful practices set forth in paragraphs 17 through 31 and from continuing other practices found to be in violation of applicable law;

d)   Direct NGSS to take such affirmative steps as are necessary to ensure that the effects of its unlawful employment practices are eliminated;

e)   Enter a permanent mandatory injunction requiring that NGSS adopt employment practices in conformity with the requirements of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981;

f)   Require that NGSS submit a comprehensive plan detailing how it plans to ensure fair and equitable job advancement opportunities for Black employees.  The plan should also outline steps to be taken to ensure that jobs available remain open until the posting period has expired;

g)   Require that NGSS institute a policy that affords equal opportunities for training and development.  The policy should include the requirement that such training opportunities must be announced to the entire workforce as well as a procedure consisting of a rotation scheme and other procedures to ensure that training for job advancement is afforded to all those who are interested;

h)   Grant equitable relief, including, but not limited to, back pay, sick pay, vacation

Plaintiff Bennie Edwards's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00783-LG-RHW

10

pay, disability benefits, and seniority rights to plaintiff;

i)   Grant such punitive, general, and special damages as proved at trial;

j)   Award plaintiff the costs and litigation expenses of this action and reasonable

attorneys' fees as provided for in section 706(k) of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e-5(k), and the Civil Rights Attorneys

Fees Award Act of 1976, as amended, 42 U.S.C. § 1988; and

k)   Grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands a

trial by jury.

Dated:  October 13, 2006                    SANDRA JARIBU HILL, Esq.
                                            MILDRED LESURE, Esq.
                                            L. NICOLE CLINKSCALES, Esq.
                                            Mississippi Workers Center for
                                            Human Rights

                                            Counsel for Plaintiffs


                              By:      /s/ S. Jaribu Hill_____
                                       S. JARIBU HILL, Esq.


Sandra Jaribu Hill, Esq., MS Bar No. 10684
Mildred Lesure, Esq., MS Bar No.
L. Nicole Clinkscales, Esq., MS Bar No. 99429
Mississippi Workers Center for Human Rights
213 Main Street
P.O. Box 1223
Greenville, Mississippi  38702-1223
(662) 334-1122

Plaintiff Bennie Edwards's Complaint for                                     11
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00783-LG-RHW

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF System which sent notification of such filing to the following: Paul B. Eason; Maria Candace Burnette; Timothy W. Lindsay; Stephen A. Brandon.

I hereby certify that I have mailed by United States Postal Service the documents to the following non-ECF participants:

Tammi Liddell
3836 Prentiss St.
Moss Point, MS  39563

Willie B. Richmond
1608 Timberlane Road
Gautier, MS  39553

Edna M. Tubbs
P.O. Box 501
Escatawpa, MS  39552

 /s/ L. Nicole Clinkscales
L. NICOLE CLINKSCALES

Plaintiff Bennie Edwards's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00783-LG-RHW

12